**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**THE TRAVELERS INDEMNITY COMPANY,**
*as successor in interest by merger to*
**GULF INSURANCE COMPANY,**

                         **Plaintiff,**

                    -against-

**TITANIUM MECHANICAL CORP.**
**and INNA SITKOVETSKY,**

                      **Defendants.**
-----------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**11-CV-3872 (DLI)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a motion for default judgment by plaintiff The Travelers Indemnity Company, as successor in interest by merger to Gulf Insurance Company ("Travelers"). See Motion for Default Judgment (Mar. 14, 2012), Electronic Case Filing ("ECF") Docket Entry ("DE") #13; Order of Referral (Mar. 15, 2012). Travelers filed this action against defendants Titanium Mechanical Corp. and Inna Sitkovetsky (collectively, "defendants"), alleging claims for, *inter alia*, contractual indemnification and subrogation arising out of a July 5, 2001 General Agreement of Indemnity (hereinafter, the "Indemnity Agreement"). See generally Complaint (Aug. 11, 2011), DE #1; Indemnity Agreement, DE #1 at 8-11.

      On March 27, 2012, the undersigned magistrate judge issued an order, directing Travelers to serve and file a two-part supplemental submission in support of its motion for default judgment. See Order (Mar. 27, 2012) ("3/27/12 Order"), DE #15. First, the Court ordered Travelers to brief "the legal sufficiency of [its] complaint," in light of the fact that the

complaint failed to identify the construction contracts and/or performance bonds pursuant to which Travelers alleged to have suffered losses under the Indemnity Agreement. See id. at 1. Second, the Court directed Travelers to produce "[c]opies of the vouchers or other evidence establishing [Travelers'] payment under the Indemnity Agreement." See id.

## I. Travelers' Supplemental Submissions

### A. Sufficiency of the Complaint

In response to the Court's query regarding the sufficiency of the complaint despite its failure to identify the bond, contract or construction projects for which Travelers seeks recovery, Travelers merely repeats the allegations set forth in the complaint. See Supplemental Brief in Support of Motion for Default Judgment (Apr. 13, 2012) ("Supp. Mem.") at 2, DE #16. Travelers presents no case law or legal argument discussing what facts must be pled by a party seeking contractual indemnification, where, as here, the indemnification is a general agreement and payment is triggered by bonds and contracts that are not identified in the complaint. Nor does Travelers address what is sufficient in the context of a default motion.

It is no answer to say that "the Indemnity Agreement at issue in this matter is substantially the same form" as an indemnity agreement upheld in a 2008 decision from this District, The Travelers Indemnity Co. v. Harrison Construction Group Co., No. CV 06-4011 (FB) (RML), 2008 WL 4725970 (E.D.N.Y. Oct. 22, 2008). See Supp. Mem. at 2-3. The question posed by the Court's order is not the validity of the Indemnity Agreement; rather, the Court ordered legal analysis by the plaintiff as to whether it is appropriate for a court to enter a default judgment on a complaint for contractual indemnification that fails to identify the

contract or bond under which indemnification is being sought, especially where the Indemnity Agreement dates back to 2001. To be sure, the complaint in Harrison mirrors the one in the instant action, but the ECF court file reflects that the defendants in Harrison answered the complaint and defended the action; all parties assumed that Travelers was seeking to recover on one particular contract, and the defendants never challenged the sufficiency of the complaint.[1]

The procedural standards for entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure ("FRCP") do not exist in a vacuum. Rather, the Court is constrained by Rule 54(c), which prohibits default judgments that differ "in kind from, or exceed in amount, what is demanded in the pleadings." See Fed. R. Civ. P. 54(c); cf. Silge v. Merz, 510 F.3d 157, 160 (2d Cir. 2007) ("While notice is one of the policy objectives underlying Rule 54(c), notice alone is insufficient to satisfy the rule. The timing and method of such notice (i.e., that it come *before* the decision to default and *be evident from the face of the complaint*) are both critical to the analysis.") (second emphasis added).

Given Travelers' inadequate response to the Court's initial inquiry, as well as the Rule 54(c) notice concerns identified in this opinion, Travelers is directed to provide a second supplemental submission showing cause, by February 19, 2013, why the District Court should grant default judgments in this context -- i.e., where a claim under a general indemnification

---

[1] Interestingly, in one of the unreported cases cited by Travelers in connection with its discussion of damages, see Supp. Mem. at 3, the complaint for contractual indemnification, which was drafted by the same law firm representing Travelers in this action, specifically identified the contracts for which the plaintiff was seeking indemnification. See Complaint ¶¶ 17-28, DE #1, in Fid. & Deposit Co. of Md. v. B.L. Sherman Constr., Ltd., 09-CV-5448 (JFB).

agreement is made without identifying the underlying bond or contract or construction project that forms the basis for the plaintiff's damages. Travelers should also address how such a default judgment would comport with Rule 54(c).

**B.     Proof of Travelers' Payment**

When Travelers initially moved for default judgment, it sought to support its damages by submitting an affidavit by Barbara A. Check, a senior claims representative for Travelers, who listed, in conclusory fashion, the various losses claimed in this matter. See Affidavit of Barbara A. Check (Mar. 14, 2012), DE #13-1. Because the affidavit did not include any supporting proof, the Court, in its 3/27/12 Order, directed Travelers to produce "[c]opies of the vouchers or other evidence establishing [Travelers'] payment under the Indemnity Agreement." See 3/27/12 Order at 1.

Travelers did not submit any documentary evidence of its payments. Instead, Travelers listed mostly unpublished orders in which a default judgment had been granted "in favor of bonding companies." See Supp. Mem. at 3. While courts in the Southern District of New York appear to routinely grant default judgments in such cases, without discussing the sufficiency of unsubstantiated affidavits listing payments, at least one of the Eastern District judgments cited by Travelers was entered after the plaintiff (which was represented by the same law firm as is Travelers) proffered both an affidavit *and* documentary proof of payment. See Fed. & Deposit Co. of Md. v. B.L. Sherman Constr., Ltd., 09-CV-5448 (JFB), DE #12-4 at 9-15.[2]

---

[2]  In the other Eastern District case cited by Travelers, Travelers Indemnity Co. v. SKS
(continued…)

Although courts considering motions for default judgment are entitled to accept as true all well-pleaded facts in a complaint pertaining to liability, courts have an "obligation to ensure that damages [a]re appropriate." See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (while an inquest hearing was not necessary, a court was not entitled to "just accept" plaintiff's statement of damages); see also Int'l Fid. Ins. Co. v. Spadafina, 596 N.Y.S.2d 453, 454-55 (2d Dep't 1993) (holding that plaintiff was entitled to summary judgment on indemnification claim because it submitted "proper documentation of payment": "Courts have upheld the validity of such contractual arrangements and have ruled that payments made by sureties under such provisions are scrutinized only for good faith and reasonableness as to the amount paid.").

Accordingly, Travelers is again directed to produce, by February 19, 2013, documentary proof of payments for which it seeks damages. The Court notes that it would accept computer screen shots as such documentary evidence, as in the B.L. Sherman Construction case, 09-CV-5448 (JFB). See *supra* p. 4.

## II. Identification of Inna Sitkovetsky

Finally, the Court has discovered a discrepancy in Travelers' filings that gives the Court concern that the Inna Sitkovetsky who executed the Indemnity Agreement is the same Inna Sitkovetsky who was served in this matter. In particular, the Indemnity Agreement was signed by an Inna Sitkovetsky who resided at 265 Haring Street in Brooklyn, New York, see

---

[2](…continued)
Construction, Inc., 06-CV-2939 (LDW), the submissions in support of the plaintiff's default judgment motion were not entered into the ECF system, see id. DE #40, and this Court is therefore unable to ascertain what evidence was presented to the court.

Indemnity Agreement, DE #1 at 10, whereas Travelers' complaint lists Inna Sitkovesky as living at 2645 Haring Street in Brooklyn, New York. See Compl. ¶ 3. Moreover, service of the complaint and the motion for default judgment were reportedly made on Inna Sitkovetsky at 2645 Haring Street. See Summons Returned (Sept. 2, 2011), DE #6; Certificate of Service (Apr. 13, 2012), DE #17. While it is possible that the discrepancy is attributable to a typographical error, the Court, before entertaining Traveler's motion for a $573,332.91 judgment against Inna Sitkovetsky at 2645 Haring Street, requires some evidentiary showing by Travelers that she is the person who executed the Indemnity Agreement and who was served with the summons and complaint. This evidentiary showing must be submitted by February 19, 2013.

## CONCLUSION

Travelers' further supplemental submissions are due by February 19, 2013. By March 1, 2013, defendants must serve on plaintiff's counsel and file with the Court their response to plaintiff's latest supplemental submissions.

In the alternative to providing supplemental submissions, Travelers may, by February 19, 2013, withdraw its motion for default judgment without prejudice and, by February 25, 2013, file an Amended Complaint curing the problems identified herein. To the extent that Travelers chooses to file an Amended Complaint, it must be served on defendants, under Rule 4 of the FRCP, no later than March 29, 2013. If defendants default on the Amended Complaint, any motion for default judgment must be accompanied by proof of Travelers' payments being sought as damages.

The Clerk is directed to enter this Order into the ECF system and to mail copies to defendants at the following addresses:

Titanium Mechanical Corp.
284 Van Brunt Street
Brooklyn, NY 11231-1236
    Attn: Inna Sitkovetsky

Inna Sitkovetsky
and Titanium Mechanical Corp.
2645 Haring Street - 2nd Floor
Brooklyn, NY 11235

Inna Sitkovetsky
and Titanium Mechanical Corp.
265 Haring Street
Brooklyn, NY 11235

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
                **February 4, 2013**

                                        /s/ *Roanne L. Mann*
                                       **ROANNE L. MANN**
                                       **UNITED STATES MAGISTRATE JUDGE**